UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY SHELTON | CIVIL ACTION |
| VERSUS | NO. 09-1962 |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant, Fidelity National Property and Casualty Company ("Fidelity"), a Write-Your-Own ("WYO") Program carrier participant in the National Flood Insurance Program ("NFIP"), appearing in its fiduciary capacity as fiscal agent of the United States. Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the following reasons.

The plaintiff sues for Katrina-related damages allegedly covered by her Standard Flood Insurance Policy ("SFIP") issued through the NFIP and written by State Farm in addition to amounts already paid. In this motion, the defendant argues that the plaintiff did not file a proof of loss for any further amounts as mandated by the SFIP in

a timely manner.[1]  It also argues that state law extra-contractual claims and claims for attorneys fees and interest are not allowed.

The plaintiff filed no opposition to this motion, and no evidence that a proof of loss as to any additional amounts has been provided.   "Under FEMA regulations, strict adherence is required to all terms of the SFIP." *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity National Insurance Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008), quoting *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). Those requirements include filing a proof of loss in a timely manner. In addition, state law extra-contractual claims and claims for attorneys fees and interest are not allowed. *Dwyer v. Fidelity National Property and Casualty Insurance Co.*, 5656 F.3d 284 (5th Cir. 2009); *Wright v. Allstate Insurance Co.*, 415 F.3d 384(5th Cir. 2005); *In re Estate of Lee*, 812 F.2d 253 (5th Cir. 1987).

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant,

---

[1] Article VII(J)(3) of the SFIP requires the policyholder to "[p]repare an inventory of damaged property, showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts, and related documents" in conjunction with the proof of loss. Article VII(J)(4) requires the proof of loss which provides certain specified information, including "specifications of damaged building and detailed repair estimates." Article VII(R) precludes suit "unless you have complied with all the requirements of the policy."

Fidelity National Property and Casualty Company, is GRANTED.  (Rec. Doc. 13).

New Orleans, Louisiana, this 17th  day of May , 2010.

                                                  HELEN G. BERRIGAN
                                                  UNITED STATES DISTRICT JUDGE